**United States District Court**
For the Northern District of California

1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                          NORTHERN DISTRICT OF CALIFORNIA
7
8   EDGARDO LOYOLA,
9              Plaintiff,                      No. C 09-0575 PJH
10         v.                                  **ORDER DENYING REQUEST FOR**
11                                             **APPOINTMENT OF COUNSEL AND**
    JOHN E. POTTER,                            **INTERPRETER, AND REQUEST FOR**
12                                             **SERVICE BY E-MAIL**
               Defendant.
13  _____/
14         Pro se plaintiff Edgardo Loyola filed this action on February 6, 2009, against

15  defendant John E. Potter, alleging discriminatory termination from the United States Postal

16  Service.  Plaintiff asserts claims of discrimination on the basis of sex, in violation of Title VII

17  of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, and discrimination on the basis of

18  age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a.  Attached

19  to the complaint is a request, dated February 6, 2009, for appointment of counsel and an

20  interpreter.  Plaintiff also filed a request for leave to proceed in forma pauperis ("IFP").

21         On March 4, 2009, plaintiff filed a consent to proceed before a United States

22  Magistrate Judge.  On March 6, 2009, the assigned Magistrate Judge granted the IFP

23  request.  On April 2, 2009, plaintiff resubmitted his request for appointment of counsel and

24  an interpreter.  On April 3, 2009, defendant filed a declination to proceed before a

25  Magistrate Judge, and a request for reassignment to a United States District Judge.  On

26  April 7, 2009, the case was reassigned to the undersigned.

27         On April 10, 2009, plaintiff filed a request for assignment of the case to a Magistrate

28  Judge.  Plaintiff also resubmitted his request for appointment of counsel and an interpreter,

1   and a request that he be served by e-mail rather than by ordinary first-class mail.  In

2   addition, plaintiff filed what appears to be a request for a stay of the case pending

3   appointment of counsel and an interpreter.

4          1.      Request for Assignment to a Magistrate Judge

5          A United States Magistrate Judge "may conduct any or all proceedings in a jury or

6   nonjury civil matter and order the entry of judgment in the case, when specially designated

7   to exercise such jurisdiction by the district court or district he serves."  28 U.S.C.

8   § 636(c)(1).  However, assignment of a civil case to a Magistrate Judge is dependent

9   "[u]pon the consent of the parties."  Id.  Here, while plaintiff has consented to have a

10  Magistrate Judge conduct all proceedings, the defendant has declined to consent.

11  Accordingly, plaintiff's request for assignment of the case to a Magistrate Judge is DENIED.

12         2.      Motion for Appointment of Counsel

13         Plaintiff seeks appointment of counsel to represent her in this action.  Because

14  plaintiff is not an indigent litigant who may lose his physical liberty if he loses the litigation,

15  there is no right to counsel in this case.  See Lassiter v. Dep't of Social Services, 452 U.S.

16  18, 25 (1981).  More pertinent to the present action, there is no constitutional right to

17  appointed counsel for employment discrimination claims, Ivey v. Bd. of Regents, 673 F.2d

18  266, 269 (9th Cir. 1982), nor are funds available in this court (or any federal court) to

19  compensate counsel appointed in civil cases.

20         The 1964 Civil Rights Act provides for appointment of counsel in employment

21  discrimination cases "in such circumstances as the court may deem just."  Bradshaw v.

22  Zoological Soc. of San Diego, 662 F.2d 1301, 1318 ( 9th Cir. 1981); see 42 U.S.C.

23  § 2000e-5(f)(1).  In this district, if the court finds that the plaintiff meets certain criteria, the

24  court may refer the case to the Federal Pro Bono Project, which will attempt to locate an a

25  volunteer attorney to represent the plaintiff.  The Federal Pro Bono Project was established

26  by the San Francisco Bar Association for the purpose of assisting indigent Title VII plaintiffs

27  or indigent incarcerated civil rights plaintiffs to secure legal representation.

28         Under Bradshaw, the court is required to assess three factors: 1) the plaintiff's

United States District Court

For the Northern District of California

2

United States District Court

For the Northern District of California

1   financial resources, 2) the efforts made by the plaintiff to secure counsel, and 3) whether

2   the plaintiff's claim has merit. <u>Bradshaw</u>, 662 F.2d at 1318.  Here, the court has granted

3   plaintiff's request to proceed IFP.  Thus, plaintiff meets the first factor.  However, plaintiff

4   has not satisfied the second or third factors.

5          With regard to the second factor – the efforts made to secure counsel – plaintiff does

6   not identify, by name, a single attorney that he contacted in an attempt to secure

7   representation.  Plaintiff has made no showing that he made any effort to obtain counsel on

8   his own.

9          With regard to the third factor – whether the complaint has merit – plaintiff has also

10  made no showing whatsoever.  In <u>Bradshaw</u>, the Ninth Circuit noted that if the EEOC "has

11  found 'reasonable cause,' . . . the claim should ordinarily be deemed meritorious." <u>Id.</u> at

12  1309.  Here, the EEOC issued a Notice of Final Action (and right-to-sue letter) on

13  December 26, 2007.  The Notice of Final Action, which is signed by the Manager of EEO

14  Services for the Postal Service, states that an EEOC Administrative Judge issued a

15  decision that was received by the  Postal Service on November 3, 2008, and that the

16  record does not show that plaintiff was the victim of illegal discrimination.  A copy of the

17  EEOC decision is attached to the Notice of Final Action.

18         Because the EEOC found that plaintiff's claim was not meritorious, and granted

19  summary judgment for the Postal Service, there is no basis upon which the court can find

20  that plaintiff's claims of discrimination are meritorious.  Further, plaintiff presented no

21  argument in his request for appointment of counsel which could be viewed as supporting

22  his claim of discrimination by the Postal Service.  Accordingly, the court finds that at this

23  stage of the litigation, the request for appointment of counsel must be DENIED.[1]  The

24  request for a stay is also DENIED.

25         3.      Request for Appointment of an Interpreter

26

27         _____

28         [1]  The court finds further that plaintiff does not meet the "exceptional circumstances"
    required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935
    F.2d 1015, 1017 (9th Cir. 1991).

1    The court is not authorized to appoint interpreters for litigants in civil cases, and,

2    moreover, has no funds to pay for such a program.  Accordingly, the request for

3    appointment of an interpreter is DENIED.

4        4.       Request for Service by E-mail.

5        Plaintiff requests that he be served by e-mail.  The court is unable to arrange service

6    by e-mail in this case, because plaintiff is not a registered e-filer.  Ordinarily, only attorneys

7    are permitted to register as e-filers.  Accordingly, the request is DENIED.

8

9    **IT IS SO ORDERED.**

10   Dated: April 16, 2009

11                                                   _____
PHYLLIS J. HAMILTON
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4